ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.  02-00411 ACK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RICK K. VO, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 2 1 2005

at ___ o'clock and ___ min. __ M
SUE BEITIA, CLERK

ORDER DECLINING TO RESENTENCE DEFENDANT AND
ADOPTING THE JUDGMENT OF DECEMBER 15, 2003

In May 2003 a jury found defendant Rick K. Vo guilty of one count, aiding and abetting possession with intent to distribute in excess of 50 grams of methamphetamine in violation of 21 USC §841(a)(1) and 18 USC §2.  On December 15, 2003 the Court sentenced Defendant to 262 months imprisonment.  Defendant faced a guidelines range of imprisonment of 262 to 327 months and a statutory minimum term of 240 months.  Defendant appealed, and on August 9, 2005 the Ninth Circuit Court of Appeals, having affirmed the District Court's judgment on June 27, 2005, issued an order remanding the case to the District Court solely for the purpose of sentencing consistent with U.S. v. Ameline 409 F.3d 1073, 1085 (9th Cir. 2005), which instructs the District Court to review Defendant's sentence to determine whether the sentence

would have been materially different had the district court known
that the guidelines were advisory in accordance with U.S. v.
Booker, 125 S.Ct. 738 (2005).

"[A] limited remand to the district court is
appropriate for the purpose of ascertaining whether the sentence
would have been materially different had the district court known
that the sentencing guidelines were advisory.  If the district
court responds affirmatively, the error was prejudicial . . .
[t]he original sentence will be vacated by the district court,
and the district court will resentence the defendant.  If the
district court responds in the negative, the original sentence
will stand . . . .  "Ameline III, 409 F.3d at 1074.  A district
court need not hold a new sentencing hearing on remand, but must
obtain the views of counsel in writing.  Id. at 1085 (citing
Crosby 397 F.3d at 120.)  If the district court does not
resentence, it "should place on the record a decision not to
resentence, with an appropriate explanation."  Id.

The Court has reviewed the record of the present case,
the evidence presented at trial, and has obtained the written
arguments of counsel regarding Defendant's sentence.  The Court
is capable of evaluating Defendant's sentence given that it
presided over Defendant's trial.  Had the guidelines been
advisory at the time of sentence and the Court had also
considered the sentencing factors under 18 USC § 3553(a) as

2

instructed by <u>Booker</u>, the Court would have made the same factual findings, and Defendant's sentence would not have been materially different.  The sentence of 262 months imprisonment is appropriate given the overwhelming evidence produced at trial of the large drug distribution which the jury found Defendant aided and abetted.

At the sentencing hearing, the Court concluded: "The court finds that there are no significant mitigating factors.  As aggravating factors, you apparently stored and/or received large quantities of drugs at your residence which was also occupied by your daughters.  You lived a lavish lifestyle, included a Playa del Rey home, 37,000 some dollars in cash, five Rolex watches which were kept in a bedroom safe, two luxury automobiles and a pickup truck, all of which are incongruent with your reported income.  Now, these factors coupled with the large amount of drugs involved in the offense suggest that you had been heavily involved in drug trafficking for an extended period.  However, despite these aggravating factors, the guidelines in this case provide for a substantial term of  imprisonment.  Therefore the court is going to sentence you at the low end of the range, which the court finds more than  adequately addresses the sentencing goals of punishment, deterrence and protection of the community. The court is going to sentence you to 262 months of incarceration . . . ."  TR. at pages 12 and 13.

3

Defendant asserts, at page 5 of his supplemental sentencing statement on remand, that: "In finding that even the low-end of the guideline range 'more than adequately' serves these goals, it would seem that this Court has already found that the guidelines - absent being bound to apply them - result in a sentence that is 'greater than necessary' to comply with § 3553 (a)(2)'s purposes for punishment. This alone would seem to indicate that this Court , had it not been bound to apply the 262 month low-end of the guideline range would have imposed a less severe, 'materially different,' sentence."

However, as noted earlier, Defendant faced a guideline range of 262 to 327 months imprisonment and the Government had recommended that "a sentence within the middle of the guideline is appropriate". TR. at page 11. Thus, in its above quoted statement the Court meant that a sentence at the low end of the range addressed the sentencing goals of punishment, deterrence, and protection of the community more adequately than a sentence within the middle of the guidelines range as proposed by the Government. At the time of sentencing, the Court was well aware that the low end of the guideline range exceeded the statutory minimum sentence of 240 months by 22 months. Also at the time of sentencing, the Court was cognizant of Defendant's wife having been sentenced to an imprisonment term of 100 months, and that

4

her sentence reflected she had substantially assisted the Government in its prosecution of Defendant.

In its review, the Court has also considered the sentencing factors set forth in Title 18 § 3553 (a). The sentencing factors include the nature and circumstance of the offense, the history and characteristics of the Defendant, a sentence to reflect the seriousness of the offense, promote respect of the law, provide just punishment and deterrence, and protect the public. The Court has considered these sentencing factors and is convinced that a sentence of 262 months incarceration is appropriate. The Defendant has a prior conviction for dealing drugs. In this case Defendant caused to be sent a large quantity of methamphetamine, a dangerous drug, to his Playa Del Rey residence which was also occupied by his young daughters. Also found at his residence were $37,700.00 in cash and five Rolex watches, as well as two luxury automobiles and a pickup truck. Defendant's lavish lifestyle was incongruent with his reported income. The foregoing suggests that Defendant had been heavily involved in drug trafficking for an extended period.

Accordingly, the Court declines to resentence Defendant and adopts the judgment of December 15, 2003.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, _____ SEP 2 1 2005 _____.


_____
Judge of the above-entitled Court